22 F.3d 228
 91 Ed. Law Rep. 32, 5 A.D.D. 81
 Christopher and Lynn DREHER, on their own behalf and as
parents of Kristy Dreher, and Kristy Dreher, a
minor child, Plaintiffs-Appellants,
v.
AMPHITHEATER UNIFIED SCHOOL DISTRICT, and C. Diane Bishop,
Arizona State Department of Education, in her
official capacity, Defendants-Appellees.
Christopher and Lynn DREHER, on their own behalf and as
parents of Kristy Dreher, and Kristy Dreher, a
minor child, Plaintiffs-Appellants,
v.
AMPHITHEATER UNIFIED SCHOOL DISTRICT, Defendant-Appellant.
 Nos. 92-16296, 16322.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Decided April 21, 1994.
 
 Stephen F. Palevitz, Arizona Center for Law in the Public Interest, Tucson, AZ, for plaintiffs-appellants-cross-appellees.
 Barry M. Corey and Kristen A. Barrett, Corey & Farrell, Tucson, AZ, for defendants-appellees-cross-appellant.
 Eva K. Bacal and Mariannina E. Preston, Asst. Attys. Gen., Phoenix, AZ, for defendant-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before: ALARCON, LEAVY, and KLEINFELD, Circuit Judges.
 Opinion by Judge LEAVY.
 LEAVY, Circuit Judge:
 
 
 1
 In this appeal we are called upon to determine the extent to which a public school district must pay for services related to the education of a handicapped student when those services conflict with an educational program offered by the school district and when the program as offered provides a free appropriate public education. The district court ruled that the school district had no financial responsibility under these circumstances. 797 F.Supp. 753. We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 Kristy Dreher ("Kristy") is profoundly hearing impaired. Her parents want her to learn to speak, believing that if she learns sign language she will become dependant on it and never learn to talk. They have, therefore, enrolled her in a private school which forbids the use of sign language, and where she receives training specifically designed to teach her to lip read and to speak.
 
 
 3
 Because of Kristy's disability, she qualifies for benefits under the Individuals with Disabilities Education Act ("Act").[1] Under the Act, the school district in Arizona where she resides must evaluate her and provide her with an Individualized Education Program ("Program"). Amphitheater Unified School District ("Amphitheater") evaluated Kristy and determined that a Program excluding sign language was not working well for her. Thus, the Program for the 1989-90 school year called for "oral methods with augmentative communication," including sign language, lip reading, and oral training.
 
 
 4
 Kristy's parents appealed the Program through administrative channels. The hearings related to the appeal took place in December 1989 and January 1990. The review officer found that the Program offered a free appropriate public education for Kristy. Before the appeal process was complete, however, Kristy's parents enrolled her at St. Joseph's Institute for the Deaf ("St. Joseph's") in St. Louis, Missouri, where the use of sign language is forbidden.
 
 
 5
 Subsequent Programs prepared by Amphitheater for 1990-91 and 1991-92 also called for sign language; however, Kristy's parents did not appeal or otherwise challenge those Programs. In September 1990, Kristy's parents asked Amphitheater to reimburse them for the cost of the speech therapy Kristy received at St. Joseph's. Amphitheater refused this request for reimbursement in a letter dated November 26, 1990. Kristy's parents then filed an administrative complaint with the Arizona Department of Education. The Arizona Department of Education issued a letter of finding upholding Amphitheater's refusal to reimburse the Drehers for the costs of Kristy's speech therapy and its refusal to provide a hearing. Shortly thereafter, Kristy and her parents ("Plaintiffs") filed the instant action in federal district court against Amphitheater and C. Diane Bishop, an official with Arizona's Department of Education ("Defendants").
 
 
 6
 The crux of the Plaintiffs' argument is that Amphitheater should be required to pay for the speech therapy Kristy receives at St. Joseph's. Amphitheater contends that it is not obligated to pay for Kristy's special training at St. Joseph's because that education is contrary to the recommendations set out in the Programs which otherwise provide Kristy with a free appropriate public education. The district court agreed with Amphitheater and entered summary judgment in favor of it and against the Plaintiffs, and further granted Bishop's motion to dismiss. The Plaintiffs have timely appealed.
 
 DISCUSSION
 Standard of Review
 
 7
 In this appeal we are essentially reviewing the district court's interpretation and application of federal and, to a lesser extent, state statutory law. We examine such rulings de novo. See Mapes v. United States, 15 F.3d 138, 140 (9th Cir.1994).
 
 Analysis
 
 8
 * Amphitheater first argues that the district court lacked subject matter jurisdiction under 20 U.S.C. Sec. 1415(e)(2)[2] because the Plaintiffs have not exhausted their administrative remedies available under 20 U.S.C. Sec. 1415(b)(2) and (c).[3] See Honig v. Doe, 484 U.S. 305, 326-27, 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988) (general prerequisite to obtaining jurisdiction in federal courts to challenge adverse administrative decision is exhaustion of administrative remedies); Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1303 (9th Cir.1992) (same). Amphitheater contends that the Plaintiffs must appeal the Programs for 1990-91 and 1991-92 prior to challenging their results in the federal courts.
 
 
 9
 The Plaintiffs are not appealing the Programs; rather, they are appealing from Amphitheater's refusal to grant them a due process hearing to determine financial responsibility for Kristy's speech therapy at St. Joseph's. After Amphitheater refused them the hearing, the Plaintiffs appealed to Bishop, asking her to overturn Amphitheater's decision. Bishop upheld Amphitheater's refusal to grant a hearing on the limited issue of financial responsibility. As the district court noted, "After plaintiffs were refused a due process hearing, they had no recourse but to seek judicial relief." We conclude that the district court properly found subject matter jurisdiction because the Plaintiffs had exhausted their available administrative remedies regarding the issue of financial responsibility for speech therapy. We need not determine whether Amphitheater erred in refusing to grant Kristy's parents a due process hearing because we conclude that Amphitheater had no financial obligation for services related to Kristy's special education at St. Joseph's.
 
 II
 
 10
 Because the Act does not specify a statute of limitations, we must look to Arizona's statute of limitations applicable to the most closely analogous state cause of action.[4] See Wilson v. Garcia, 471 U.S. 261, 268, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); Alexopulos v. San Francisco Unified Sch. Dist., 817 F.2d 551, 554-55 (9th Cir.1987). We apply that statute of limitations unless it conflicts with underlying federal policies. County of Oneida v. Oneida Indian Nation, 470 U.S. 226, 240, 105 S.Ct. 1245, 1254, 84 L.Ed.2d 169 (1985). The parties suggest adoption of either of two statutes of limitations: One, applicable to the judicial review of administrative agency rulings, is 35 days, see Ariz.Rev.Stat.Ann. Sec. 12-904;[5] while the other, applicable to "liabilit[ies] created by statute, other than a penalty or forfeiture," is one year. See Ariz.Rev.Stat.Ann. Sec. 12-541.[6]
 
 
 11
 The Supreme Court of the United States has offered guidance to courts confronted with the question of determining which of various state statutes of limitation to apply. In Wilson v. Garcia, supra, the Court stated
 
 
 12
 [W]e must ... decide whether all [claims under the statute] should be characterized in the same way, or whether they should be evaluated differently depending upon the varying factual circumstances and legal theories presented in each individual case. Finally, we must characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principle.
 
 471 U.S. at 268, 105 S.Ct. at 1942.[7]
 
 13
 Although under other circumstances the Arizona statute of limitations for reviewing agency decisions might apply, we conclude under these circumstances that the 35-day statute of limitations is not the more appropriate limiting principle. The Plaintiffs were not granted a due process hearing, so their action is not analogous to an appeal of a final administrative decision. Moreover, a longer statute of limitations in this case is consistent with federal policies. Admittedly, Congress stated that it desired reviews to be quick in order to keep pace with the changing educational needs of school children.[8] However, Kristy's education is not threatened by the duration of this claim for reimbursement, and the federal policy requiring swift resolution does not apply. Accordingly, we hold that the appropriate statute of limitations is the one-year period permitted for "liabilities created by statute, other than penalty or forfeiture." See Ariz.Rev.Stat.Ann. Sec. 12-541.
 
 III
 
 14
 According to federal law, the Plaintiffs' cause of action accrued when they knew or had reason to know of the injury that constitutes the basis of their action. See Alexopulos, 817 F.2d at 555. The Plaintiffs received a letter from Amphitheater dated November 26, 1990, denying their claim for reimbursement. The administrative appeal decision regarding 1989-90's Program came down on July 30, 1990. The Plaintiffs argue that their cause of action accrued on November 26, 1990, while the Defendants contend that the Plaintiffs' cause of action accrued on July 30, 1990.
 
 
 15
 The Defendants argue that the Plaintiffs' cause of action accrued on July 30, 1990, based on Amphitheater's belief that the decision handed down that same date indicated that Amphitheater was not financially responsible for services related to Kristy's special education if those services were not specified in the Program. However, the focus of the question of accrual is not on what the Defendants thought, but rather on when the Plaintiffs knew or had reason to know of the injury giving rise to their cause of action. The Plaintiffs were unaware that the decision handed down on July 30, 1990, may have ended their quest for reimbursement; in fact, they again requested reimbursement in September 1990, which was denied on November 26, 1990. Thus, it is apparent that the Plaintiffs neither knew nor had reason to know of the injury giving rise to their cause of action prior to November 26, 1990. As they filed this action on November 8, 1991, less than one year later, this action was timely filed.
 
 IV
 
 16
 In addition to reimbursement for the amount they paid for Kristy to receive speech therapy at St. Joseph's, the Plaintiffs also seek injunctive relief requiring Amphitheater to pay for this therapy in the future. Amphitheater argues that it is not liable and has met the requirements of the Act by providing Kristy with a free appropriate public education through the Programs it has prepared for her.
 
 
 17
 Under the Act, Amphitheater must provide Kristy with a Program. See 34 C.F.R. Sec. 300.451.[9] The goal of that Program is to provide Kristy with a free appropriate public education.[10] See 34 C.F.R. Sec. 300.1(a).[11] A free appropriate public education is defined as:
 
 
 18
 [S]pecial education and related services that--
 
 
 19
 (A) have been provided at public expense, under public supervision and direction and without charge,
 
 
 20
 (B) meet the standards of the State educational agency,
 
 
 21
 (C) include an appropriate preschool, elementary, or secondary school education in the State involved, and
 
 
 22
 (D) are provided in conformity with the individualized education program required under Sec. 1414(a)(5) of this title.
 
 
 23
 20 U.S.C. Sec. 1401(a)(18) (emphasis added).
 
 
 24
 As found by the Local Education Agency and State Education Agency review officers, and not appealed by the Plaintiffs, Amphitheater supplies Kristy with a free appropriate public education under the Programs, should her parents wish to avail themselves of that option. Amphitheater is not required under the Act to provide related services which are not "in conformity with [her Program]". See 20 U.S.C. Sec. 1401(a)(18)(D).
 
 
 25
 Financial responsibility for tuition at a private school depends on whether the school district has provided the child with a free appropriate public education. Hence,
 
 
 26
 [P]ublic educational authorities who want to avoid reimbursing parent for the private education of a disabled child can do one of two things: give the child a free appropriate public education in a public setting, or place the child in an appropriate private setting of the State's choice. This is [the Act]'s mandate, and school officials who conform to it need not worry about reimbursement claims.... Moreover, parents who ... "unilaterally change their child's placement during the pendency of review proceedings, without the consent of the state or local school officials, do so at their own financial risk." [Parents] are entitled to reimbursement only if a federal court concludes both that the public placement violated [the Act], and that the private school placement was proper under the Act.
 
 
 27
 Florence County Sch. Dist. Four v. Carter, --- U.S. ----, ----, 114 S.Ct. 361, 366, 126 L.Ed.2d 284 (1993) (quoting School Comm. of Burlington v. Department of Educ. of Mass., 471 U.S. 359, 373-74, 105 S.Ct. 1996, 2004-05, 85 L.Ed.2d 385 (1985)).
 
 
 28
 The Plaintiffs ask only for speech therapy services at St. Joseph's under 34 C.F.R. Sec. 300.403, not tuition. The regulation provides:
 
 
 29
 If a child with a disability has [a free appropriate public education] available and the parents choose to place the child in a private school or facility, the public agency is not required by this part to pay for the child's education at the private school or facility. However, the public agency shall make services available to the child as provided under Secs. 300.450-300.452.
 
 
 30
 34 C.F.R. Sec. 300.403(a).
 
 
 31
 Florence does not control this issue. The regulations distinguish between the child's private school tuition, which the school district does not have to pay if it offers a free appropriate public education, and the child's special education and related services, for which the school district does have to pay. 34 C.F.R. Secs. 300.403 & 300.451. Under the latter regulation, the school district has to provide special education services to children in private schools in the state. See also 34 C.F.R. Sec. 76.654(a).
 
 
 32
 This distinction between tuition and special education services is not controlling. The special education Kristy receives at St. Joseph's is inconsistent with her Program. The Local Education Agency is required to provide special education "designed to meet the needs" of private school children. 34 C.F.R. Sec. 300.452. The Program for Kristy specified that sign language was best designed to meet her needs. Her parents did not establish that the Program failed to meet the statutory standard.
 
 
 33
 Her parents may well be correct in their judgment that the Program is wrong, and that Kristy's needs are best met by lip reading and speech program excluding sign language. However, they have not proved that. They did not seek judicial review of the administrative determination regarding the free appropriate public education. For that reason, as a matter of law, the services at St. Joseph's would not "meet the needs" of their child.
 
 V
 
 34
 The Plaintiffs' final argument, raised for the first time on appeal, is that Amphitheater violated the Act by not initiating a meeting to formulate the Programs pursuant to 34 C.F.R. Sec. 300.349.[12] Amphitheater asserted that it has final authority and responsibility for determining what educational method would be best for Kristy. However, under the regulations, Amphitheater must initiate a meeting with the child's parents and a representative of the private educational institution which the child attends, and it appears that Amphitheater failed to do so.
 
 
 35
 Whatever the merits to this claim, however, we lack subject matter jurisdiction over it because the Plaintiffs failed to exhaust their administrative remedies prior to filing the instant action. The Plaintiffs failed to appeal the Programs for 1990-91 and 1991-92. See 34 C.F.R. Secs. 300.500-.515. Because they appealed the Program for 1989-90, however, it is clear that they were aware of the availability of such review. Accordingly, we decline to reach the merits of this issue.
 
 The decision appealed from is
 
 36
 AFFIRMED.
 
 
 
 [1]
 See Pub.L. No. 101-476, 104 Stat. 1142 (Oct. 30, 1990), as amended by subsequent legislation and codified throughout Titles 20, 25 and 42 of the United States Code
 
 
 [2]
 "Any party aggrieved by the findings and decision made under subsection (b) of this section who does not have the right to an appeal under subsection (c) of this section, and any party aggrieved by the findings and decision under subsection (c) of this section, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in ... a district court of the United States without regard to the amount in controversy." 20 U.S.C. Sec. 1415(e)(2) (in relevant part)
 
 
 [3]
 Whenever a complaint has been received ... the parents ... shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law or by the State educational agency
 20 U.S.C. Sec. 1415(b)(2) (in relevant part).
 If the hearing required in paragraph (2) of subsection (b) of this section is conducted by a local educational agency or an intermediate educational unit, any party aggrieved by the findings and decision rendered in such a hearing may appeal to the State educational agency which shall conduct an impartial review of such hearing. The officer conducting such review shall make an independent decision upon completion of such review.
 20 U.S.C. Sec. 1415(c).
 
 
 [4]
 Circuit courts facing similar statutes of limitation options have arrived at inconsistent results. This inconsistency is probably attributable to the fact-based analysis and the variety of state causes of action to evaluate. Some circuits have concluded that the state statute of limitations for review of agency appeals should apply, see Adler v. Education Dep't of N.Y., 760 F.2d 454 (2d Cir.1985); Department of Educ. v. Carl D., 695 F.2d 1154 (9th Cir.1983), while others have concluded that a different, longer statute of limitations should apply to these cases. See Alexopulos v. San Francisco Unified Sch. Dist., 817 F.2d 551 (9th Cir.1987); Schimmel v. Spillane, 819 F.2d 477 (4th Cir.1987); Janzen v. Knox County Bd. of Educ., 790 F.2d 484 (6th Cir.1986); Scokin v. Texas, 723 F.2d 432 (5th. Cir.1984); and Tokarcik v. Forest Hills Sch. Dist., 665 F.2d 443 (3rd Cir.1981), cert. denied, 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982)
 
 
 [5]
 An action to review a final administrative decision shall be commenced by filing a complaint within thirty-five days from the date when a copy of the decision sought to be reviewed is served upon the party affected
 Ariz.Rev.Stat.Ann. Sec. 12-904 (in relevant part).
 
 
 [6]
 There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions:
 
 
 [3]
 Upon a liability created by statute, other than a penalty or forfeiture
 Ariz.Rev.Stat.Ann. Sec. 12-541 (in relevant part).
 
 
 [7]
 Courts applying these guidelines to the Act (or to its precursors) have concluded that all the claims possible under the Act should not be characterized in the same way. See Hall v. Knott County Bd. of Educ., 941 F.2d 402, 408 (6th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 982, 117 L.Ed.2d 144 (1992); Schimmel, supra (applying the Education of the Handicapped Act); Janzen, 790 F.2d at 487 (applying the Education of All Handicapped Children Act); Elizabeth K. v. Warrick County Sch. Corp., 795 F.Supp. 881, 883-84 (S.D.Ind.1992) (applying the Education of All Handicapped Children Act)
 Generally, courts have analyzed three elements of the cause of action to determine their similarity: (1) the applicable standards of review, (2) what additional evidence may be permitted on review, and (3) what remedies the court may provide. See Spiegler v. District of Columbia, 866 F.2d 461, 464 (D.C.Cir.1989); Adler, 760 F.2d at 457.
 
 
 [8]
 Senator Williams stated:
 I cannot emphasize enough that delay in resolving matters regarding the education program of a handicapped child is extremely detrimental to his development. The interruption or lack of the required special education and related services can result in a substantial setback to the child's development. Thus, in view of the urgent need for prompt resolution of questions involving the education of handicapped children it is expected that all hearings and reviews conducted pursuant to these provisions will be commenced and disposed of as quickly as practicable consistent with a fair consideration of the issues involved.
 
 
 [121]
 Cong.Rec. 37,416 (1975) (as quoted in Carl D., 695 F.2d 1154, 1157 (1975) (emphasis supplied by the Carl D. court))
 
 
 [9]
 The [State Educational Agency] shall ensure that--
 (a) To the extent consistent with their number and location in the State, provision is made for the participation of private school children with disabilities in the program assisted or carried out under this part by providing them with special education and related services; and
 (b) The requirements of 34 CFR Secs. 76.651-76.662 are met.
 
 
 [34]
 C.F.R. Sec. 300.451
 
 
 [10]
 The word "public" is a term of art which refers to "public expense," whether at public or private schools. See, 20 U.S.C. Sec. 1401(a)(18)(A); Florence County Sch. Dist. Four v. Carter, --- U.S. ----, ----, 114 S.Ct. 361, 365, 126 L.Ed.2d 284 (1993)
 
 
 [11]
 The purpose of this part is--
 (a) To ensure that all children with disabilities have available to them a free appropriate public education that includes special education and related services to meet their unique needs....
 
 
 [34]
 C.F.R. Sec. 300.1(a)
 
 
 [12]
 If a child with a disability is enrolled in a parochial or other private school and receives special education or related services from a public agency, the public agency shall--
 (a) Initiate and conduct meetings to develop, review, and revise [a Program] for the child, in accordance with Sec. 300.343; and
 (b) Ensure that a representative of the parochial or other private school attends each meeting. If the representative cannot attend, the agency shall use other methods to ensure participation by the private school, including individual or conference telephone calls.
 
 
 [34]
 C.F.R. Sec. 300.349