**S.V., Plaintiff–Appellee,**

· v.

**SHERWOOD SCHOOL DISTRICT,**
**Defendant–Appellant.**

**No. 00–35100.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2001

Filed June 26, 2001

Richard G. Cohn–Lee, The Hungerford Law Firm, West Linn, Oregon, for the defendant-appellant.

Jerry C. Goodman, Jerry C. Goodman, P.C., Eugene, Oregon, for the plaintiff-appellee.

Before: T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

GRABER, Circuit Judge:

Defendant Sherwood School District ("School District") appeals the district court's declaratory ruling that Oregon Revised Statutes ("ORS") § 12.080(2) provides the applicable statute of limitations in Oregon for a claim for tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 to 1487. We hold that ORS § 30.275(8) governs instead and, accordingly, reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff S.V. seeks tuition reimbursement for the special education services he obtained at the private schools that he attended after his parents decided that his public school was not providing him with a "free appropriate public education" as required by the IDEA. 20 U.S.C. § 1400. S.V. attended private schools from the fall of 1996 until November 1998, when he returned to public school. He now receives special education services, the adequacy of which is not in question.

On March 25, 1999, S.V.'s parents requested a due process hearing. They alleged that the School District had failed to

provide a free appropriate public education to S.V. until November 1998. As a remedy, they requested tuition reimbursement for the private school tuition that they had paid. Before the hearing officer addressed the merits of S.V.'s case, S.V. sought a declaratory ruling that the six-year statute of limitations contained in ORS § 12.080(2) applied to his claim for tuition reimbursement. On July 19, 1999, the hearing officer ruled that ORS § 30.275(8) provided the applicable statute of limitations, a two-year period.

S.V. appealed that decision to the federal district court, which reversed the hearing officer's decision and held that ORS § 12.080(2) applied. The School District timely filed this appeal.

## STANDARD OF REVIEW

■ We review de novo the district court's determination of an appropriate statute of limitations. *United States v. Hughes Aircraft Co.*, 162 F.3d 1027, 1034 (9th Cir.1998).

## DISCUSSION

A. *Statutes of Limitations under the IDEA*

■ The IDEA specifies no limitations period governing either a plaintiff's request for an administrative hearing *or* the filing of a civil action. *Livingston Sch. Dist. Nos. 4 & 1 v. Keenan*, 82 F.3d 912, 915 (9th Cir.1996); *Dreher v. Amphitheater Unified Sch. Dist.*, 22 F.3d 228, 231 (9th Cir.1994). Therefore, we "must determine the most closely analogous state statute of limitations" and apply that statute "unless it would undermine the policies underlying the IDEA." *Livingston Sch. Dist.*, 82 F.3d at 915. In order to assess which state statute of limitations is most analogous, the court "must characterize the essence of the claim in the pending case, and decide

which state statute provides the most appropriate limiting principle." *Wilson v. Garcia*, 471 U.S. 261, 268, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

We have never considered the appropriate limitations period governing a request for a due process hearing (as distinguished from the initiation of a civil action) on a claim arising under the IDEA. However, the First, Fourth, and Eighth Circuits have applied the analysis governing the determination of the limitations period for the filing of a civil action to the determination of the limitations period for the initial filing of an administrative claim under the IDEA. *Strawn v. Missouri State Bd. of Educ.*, 210 F.3d 954, 957–58 (8th Cir.2000); *Manning v. Fairfax County Sch. Bd.*, 176 F.3d 235, 237–38 (4th Cir.1999); *Murphy v. Timberlane Reg'l Sch. Dist.*, 22 F.3d 1186, 1193–94 (1st Cir.1994). Both the First and Fourth Circuits reasoned simply that, for the purpose of ensuring the timely pursuit of a claim, there is no reason to distinguish between a claim filed in an administrative body and one filed in court. *Manning*, 176 F.3d at 238; *Murphy*, 22 F.3d at 1193–94. The Eighth Circuit did not acknowledge the distinction between administrative hearings and court proceedings. *Strawn*, 210 F.3d at 957–58. We see no good reason to depart from the approaches adopted by our sister circuits.

Twice we have addressed the appropriate limitations period for filing civil actions under the IDEA. *Livingston Sch. Dist.*, 82 F.3d at 915; *Dreher*, 22 F.3d at 231. In *Dreher*, we held that the applicable statute of limitations for a claim of tuition reimbursement in Arizona was the statute providing the one-year period applicable to " 'liabilit[ies] created by statute, other than penalty or forfeiture.' " 22 F.3d at 232 (alteration in original) (quoting Ariz.Rev. Stat. Ann. § 12–541). We considered two statutes of limitations: one that governed

appeals from agencies' decisions, and one that governed claims arising from liabilities created by statute. *Id.* We concluded that, because no administrative hearing had been granted on the plaintiff's claim, the action was not analogous to an appeal from an administrative decision. As a result, we characterized the plaintiff's claim as a liability created by statute and applied a one-year statute of limitations. Invoking a similar analysis, but reaching a different result, we held in *Livingston School District* that the appropriate limitations period in Montana for an action seeking review of a hearing officer's decision on an IDEA claim was the 60–day period for requests for judicial review of agency decisions. 82 F.3d at 916–17.

## B. The Statute of Limitations for S.V.'s Claim

■ In order to select a statute of limitations here, we first must characterize S.V.'s claim. S.V. seeks reimbursement for tuition expenses incurred when the School District allegedly breached its duty under the IDEA to provide him with a "free appropriate public education." Thus, consistent with our decision in *Dreher*, S.V.'s claim can be characterized as a claim arising from a liability created by statute.

Our next step is to identify the Oregon statute of limitations that applies to claims analogous to S.V.'s. Oregon law provides two potentially applicable statutes of limitations. The first, and the one adopted by the district court, is ORS § 12.080(2), which states that "[a]n action upon a liability created by statute, other than a penalty or forfeiture, . . . shall be commenced within six years."

The second potentially applicable statute of limitations, and the one applied by the hearing officer, is the two-year period contained in the Oregon Tort Claims Act ("OTCA"), ORS §§ 30.260 to 30.302. Under Oregon law, a claim alleging a *public body's* breach of duty imposed by statute is governed by the OTCA. *See* ORS §§ 30.260(8) (defining "tort") and 30.265 (discussing the scope of the OTCA). With two exceptions that do not apply to this case, the limitations period for any claim to which the OTCA applies is two years. ORS § 30.275(8). The Oregon Court of Appeals has held specifically that this two-year limitations period applies to a claim against a public body arising from a breach of duties imposed by a federal statute. *See Butterfield v. Oregon*, 163 Or. App. 227, 987 P.2d 569, 574–75 (1999) (holding that the OTCA limitations period applied to a claim alleging a breach of the Fair Labor Standards Act by the state).

As discussed above, S.V. asserts that the School District is liable for his tuition because it breached its statutory duty to provide a free appropriate public education. The School District is unquestionably a "public body." ORS § 30.260(4)(b). Because the IDEA, and not a contract or a quasi-contract, is the source of the School District's alleged duty to S.V., his claim falls within the statutory definition of a tort:

> [T]he breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy.

ORS § 30.260(8). Under that definition, S.V.'s claim is a "tort" within the meaning of the OTCA whether his requested remedy for breach of statutory duty is characterized as damages or as equitable relief.

■ Thus, we are confronted with a choice between two statutes of limitations, both of which, by their terms, could apply to S.V.'s claim. We adopt the limitations period in the OTCA for two reasons.

First, the OTCA statute of limitations applies specifically to claims alleging breaches of statutory duty by school districts and other public bodies. By contrast, ORS § 12.080 is a general, "catchall" statute of limitations that applies broadly to any claim alleging a "liability created by statute" for which no other limitations period is provided. It is a well-established tenet of statutory construction that a specific statute controls over a general statute. *United States v. Navarro*, 160 F.3d 1254, 1256–57 (9th Cir.1998); *Davis v. Wasco Intermediate Educ. Dist.*, 286 Or. 261, 593 P.2d 1152, 1158 (1979).

■ Second, a two-year limitations period is consistent with both the policy underlying the IDEA and with the limitations periods adopted by most other circuits. A six-year period is not.

The Eighth Circuit recently decided whether to apply a five-year or a two-year statute of limitations to an IDEA claim. *Strawn*, 210 F.3d at 957. Although both statutes arguably encompassed IDEA claims, the court adopted the two-year statute after concluding that the five-year statute would frustrate public policy. *Id.* at 957–58. In reaching its conclusion, the court summarized the policy underlying the IDEA:

> The statutory framework of the IDEA and the statute's purpose show that a five-year statute of limitations would frustrate the federal policy of quick resolution of IDEA claims. The IDEA provides for substantial parental involvement in the IEP [individualized educational program] process, annual reviews, and annual notice to parents of procedural rights. *See* 20 U.S.C. § 1414(d)[ (1) ](B)(i) (parents must be part of IEP team); 20 U.S.C. § 1414(d)(4)(A)(i) (annual review); 20 U.S.C. § 1415(b)-(d) (notice of procedural rights). This statutory scheme mandating parental participation in an annu-

al decision-making process demonstrates that Congress intended for parents to be actively implicated in the expeditious resolution of IDEA concerns. In addition, children protected by the IDEA benefit greatly from quick resolution of disputes because lost education is a substantial harm, and that harm is exactly what the IDEA was meant to prevent. *Id.* at 957. The court concluded that a two-year statute of limitations served those policies: It was short enough to allow expeditious resolution of claims, but long enough to allow parents "the opportunity to protect their disabled children's rights." *Id.* at 958.

We agree with the Eighth Circuit's interpretation of the policy underlying the IDEA. Moreover, its choice of a two-year limitations period is in accord with the lengths of limitations periods approved by most other courts. *See James v. Upper Arlington City Sch. Dist.*, 228 F.3d 764, 769 (6th Cir.2000) (holding that either a four-year or a two-year limitations period applies to claims under the IDEA in Ohio for tuition reimbursement; either way, the claims were time-barred); *Birmingham v. Omaha Sch. Dist.*, 220 F.3d 850, 856 (8th Cir.2000) (holding that the three-year statute of limitations applicable to § 1983 actions in Arkansas governed IDEA claims); *Manning*, 176 F.3d at 239 (holding that, in Virginia, a one-year limitations period applies to a request for an administrative hearing on a claim alleging a violation of the IDEA). *But see CM v. Board of Educ.*, 241 F.3d 374, 379–80 (4th Cir.2001) (applying a 60–day limitations period contained in a North Carolina statute enacted specifically to address IDEA claims); *Murphy*, 22 F.3d at 1192–93 (applying New Hampshire's "catchall" six-year statute of limitations to a claim for compensatory education under the IDEA).

In sum, a two-year limitations period supports the IDEA's policies of expedi-

tious resolution of disputes and ongoing parental involvement in the education of disabled children. A six-year statute of limitations would frustrate that policy by permitting parents to wait for up to half the total length of a child's primary and secondary educational experience before raising a claim that the school district had failed to provide the student with a free appropriate public education and was liable for private-school tuition. For all these reasons, ORS § 30.275(8) provides a limitations period of an appropriate length.

## CONCLUSION

We hold that ORS § 30.275(8) provides the statute of limitations governing S.V.'s claim. We reverse and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.