UNITED STATES of America,
Plaintiff–Appellee,

v.

Mohammed MOSHERF and Shabuddin
Chisty, Defendants–Appellants.

Nos. 06–10702, 06–10704.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 25, 2007.

Filed May 20, 2008.

Ronald C. Rachow, Esq., Office of the U.S. Attorney, Reno, NV, Robert L. Ellman, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Before: JOHN R. GIBSON,* BERZON, and BEA, Circuit Judges.

MEMORANDUM **

Mohammed Mosherf and Shabuddin Chisty appeal from their convictions under 18 U.S.C. § 371 and 18 U.S.C. §§ 1546(a) and 2. They argue that they should not have been indicted under 18 U.S.C. §§ 1546 and 2, which forbid aiding and abetting another person in obtaining immigration documents through fraud. Instead, they assert that the more appropriate charge would have been 8 U.S.C. § 1324, because it is more specific to the act of assisting another person who obtains

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

documents by fraud than are 18 U.S.C. §§ 2 and 1546. The later statutes combine general aiding and abetting liability with a statute that criminalizes an array of activity relating to fraud and misuse of immigration documents. Consequently, they ask us to hold that the government was required to indict under the more specific statute.

We decline their invitation. "[U]nder our system of separation of powers, the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the [prosecutor] unless Congress ... intended that the more specific statute repeal the more general statute."[1] *United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir.1986) (rejecting argument that prosecutor had to charge under misdemeanor statute instead of felony statute). Defendants assert that they are not arguing that 8 U.S.C. § 1324 effected an implied repeal, and there is, indeed, no indication that Congress intended to repeal 18 U.S.C. § 1546 with 8 U.S.C. § 1324. Moreover, the cases cited by defendants to support their argument are inapposite. In *Green v. Bock Laundry Machine Company*, 490 U.S. 504, 524, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989), and in *S.V. v. Sherwood School District*, 254 F.3d 877, 881 (9th Cir.2001), conflicts existed between applicable federal rules of evidence and statutes of limitations, respectively. Here, the statutes involved are not in conflict. Instead it is merely the case that both statutes cover the defendants' conduct. In such situations, the prosecutor may choose how to indict.

Next, defendants argue that social security cards are not documents which can form the basis for their liability in Counts I, IV, and VI under 18 U.S.C. § 1546(a). Section 1546(a) makes it illegal to procure by fraud or false statement a "visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States." A social security card is a document that evidences authorization for employment. 8 C.F.R. § 274a.2(b)(1)(*v*)(C)(*1*). Thus, it clearly falls within the "other document prescribed by ... regulation" provision of 18 U.S.C. § 1546.

Defendants challenge an evidentiary ruling as well. They argue that the district court erred in refusing to admit extrinsic evidence describing the living conditions in Bangledash. They sought to introduce reference materials from various sources containing information about adverse living conditions in Bangledash to prove that the government's witnesses, who faced deportation to that country for fraudulently procuring immigration documents with the assistance of the defendants, were biased. Their contention was that these witnesses would testify favorably in order to curry favor with the government and avoid deportation.

We review the district court's evidentiary ruling for an abuse of discretion, and we reverse only if we find error that more likely than not affected the verdict. *United States v. Pang*, 362 F.3d 1187, 1191–92 (9th Cir.2004). Our review of the record satisfies us that the jury heard substantial testimony during cross-examination of the government witnesses which demonstrated reasons for their bias. Several witnesses described attacks they suffered or feared suffering in Bangledash as a result of their political or religious beliefs. One witness was attacked and scarred with weapons; another witness had his house raided by

---

1. In addition, the government may not make charging decisions that discriminate against any class of citizens. *United States v. Edmon-son*, 792 F.2d 1492, 1494 (9th Cir.1986). Defendants do not claim the charging decision was discriminatory.

political rivals; yet another witness described the torture he endured in police custody, which included being sprayed with hot water, kicked, and hit with sticks until he was rendered unconscious. More than one witness testified that they feared being tortured or killed if forced to return home. Testimony included facts such as death threats, religious persecution, and poverty. Only a single witness testified that he one day hoped to return to Bangladesh. Defendants were able to probe through cross-examination the bias they wished to show with their extrinsic evidence. Thus, even if the defendants could establish error in the exclusion of the evidence, the excluded documents would not have affected the verdict. *Pang,* 362 F.3d at 1192.

We finally consider whether the district court erred in considering testimony of Chisty's uncharged misconduct.[2] Evidence of a defendant's other crimes or bad acts may be admitted to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). Rule 404(b) is interpreted as a rule "of inclusion," and a district court is accorded wide discretion in deciding whether the evidence should be admitted, so long as it is offered for a proper purpose. *United States v. Blitz,* 151 F.3d 1002, 1007–08 (9th Cir.1998). A four-prong test is used to assess admissibility: (1) it must be introduced to prove a material issue in the case, (2) the act must be in some instance similar to the act charged, (3) there must be sufficient evidence for the jury to find the defendant committed the other act, and (4) the other act must not be too remote in time. *Id.* at 1008. Chisty argues that

intent and knowledge were not material issues at trial because he asserted he was innocent of the charged acts. We rejected this argument in *United States v. Jones,* 982 F.2d 380, 383 (9th Cir.1993), and the record reveals no abuse of discretion in the district court's ruling. The judgements are AFFIRMED.

---

2. The challenged testimony did not implicate Mosherf. The district court gave limiting instructions to the jury that the testimony should only be considered for the purposes of establishing intent or knowledge on the part of Chisty.

