Sharon **CAPPILLINO**, individually and as parent and natural guardian of Peter Cappillino, and Peter Cappillino, Plaintiffs–Appellants,

v.

**HYDE PARK CENTRAL SCHOOL DISTRICT; Lloyd Jaeger, individually and as Superintendent of the Hyde Park Central School District; Donald Johnson, individually and as Director of Pupil Personnel, 504 Officer, Coordinator of the Special Education of the Hyde Park Central School District; Natalie Johnson, individually and as Director of Special Services and as Chairperson of the Committee on Special Education of the Hyde Park Central School District and Sally Kuralt, individually and as Chairperson of the Committee on Special Education of the Hyde Park Central School District, Defendants–Appellees.**

Docket No. 97–7017.

United States Court of Appeals, Second Circuit.

Argued Sept. 11, 1997.

Decided Jan. 30, 1998.

Ben M. Arai, Bronx, New York City, for Plaintiffs–Appellants.

Neal H. Rosenberg, New York City, for Defendant–Appellee.

Before: WINTER, Chief Judge, FEINBERG, and NEWMAN, Circuit Judges.

WINTER, Chief Judge:

Sharon Cappillino and her son, Peter, appeal from Judge Brieant's denial of their Fed R. Civ. P. 60(b) motion to set aside a stipulated settlement and to reopen their action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., and 42 U.S.C. § 1983. At the time of the stipulation, the district court made clear that if no party sought to reopen the action within 45 days, the settlement would be binding on the parties. Within the 45–day period, however, Sharon Cappillino wrote a letter to the court indicating that she was firing her lawyer because of her dissatisfaction with the settlement. The district court denied the subsequent Rule 60(b) request to set aside the settlement and reopen the case. We reverse.

The Cappillinos brought suit pursuant to the IDEA and 42 U.S.C. § 1983, alleging that appellees had denied Peter Cappillino a "free appropriate public education" and had violated the Cappillinos' due process rights. At a hearing on September 29, 1995, Russell Schindler, then counsel for the Cappillinos, informed the court that a tentative settlement had been reached, pending approval by the Hyde Park Central School District (the "School District") and its insurance carrier. After being informed of the settlement's terms, the court agreed to discontinue the action so that the necessary approval of the School District and its insurance carrier could be obtained. The court noted the tentative nature of the settlement, telling the parties that "[i]f the settlement falls through, you can reopen it" within the 45–day period. When Schindler inquired about the appropriate procedure for reopening the case within the 45 days, the court responded that a letter to the court, rather than a formal motion, would suffice.

On October 20, 1995, well within the 45–day period, Sharon Cappillino wrote the court a letter stating that she was firing Schindler as her attorney because "he [wa]s not allowing any input from his client's [sic] to reach a mutually agreeable settlement" and that she was electing to proceed with her case pro se until she could find suitable representation. In addition, she requested a conference with appellees "so as to expedite the case as quickly as possible."

On November 17, 1995, the court held a hearing and informed Ms. Cappillino that because the School District had ratified the settlement within the 45–day period, the court considered the case settled. Ms. Cappillino voiced her displeasure, complaining to the court that "[n]o one included me in the settlement" and that "I still yet have got my rights to be heard." She further informed the court of her plans to hire a new lawyer to "take [her] case."

Eleven months later, on October 17, 1996, the Cappillinos, now represented by their current attorney, moved to vacate the order of discontinuance, to set aside the settlement agreement, and to reopen the case. The court denied the motion, ruling that the case had been settled. Although the court noted in passing that "[t]he parties had, by the form of the document, 45 days for either side to reject the settlement," it did not explicitly address whether Ms. Cappillino's letter was sufficient to serve as a rejection. This appeal followed.

 We agree with appellants that they rejected the settlement within the 45–day period specified by the court. First, the 45–day disavowal period applied to both sides. Although the idea of the 45–day period arose because the School District and its insurance carrier needed time to approve the settlement, every indication given by the district court was that the settlement remained tentative as to all parties. The court stated to the parties that "[i]f the settlement falls through, you can reopen it" within the 45 days. In response to a question by the Cappillinos' attorney as to how to reopen the case, the court indicated that a letter would suffice. Similarly, the order of discontinuance signed by the court states that it is "subject to client approval." Finally, during the hearing on the Rule 60(b) motion the court stated that "[t]he parties had, by the form of the document, 45 days for either side to reject the settlement."

Second, Sharon Cappillino followed the court's suggested procedure for rejection of the settlement, mailing a letter to the court within the 45–day period. Although the letter did not expressly state that Ms. Cappillino wanted to reopen the case, it clearly was based on the premise that she did not feel that a satisfactory settlement had been reached. Indeed, the letter makes sense only if she had rejected the proposed settlement. Ms. Cappillino's explanation in the letter that she was firing her attorney because "[h]e is not allowing any input from his client's [sic] to reach a mutually agreeable settlement" is simply not consistent with her having approved the settlement. Similarly, the need for a conference with her adversaries indicates her rejection of the settlement. Essentially a *pro se* filing, the letter was sufficient to constitute a rejection of the settlement.

 Appellees' argument that appellants are barred from challenging the settlement because of their delay in bringing the Rule 60(b) motion is unpersuasive. As noted above, appellants first expressed their dissatisfaction with the settlement within the 45–day period set by the court. Soon thereafter, during the proceedings on November 17, 1995, Sharon Cappillino expressed repeatedly to the court her intention to hire a lawyer to pursue her case. Appellees have offered no evidence that the length of time it took Ms. Cappillino to hire another attorney and to bring her Rule 60(b) motion constituted undue delay or caused any prejudice.

We therefore reverse the denial of the Rule 60(b) motion and remand for proceedings consistent with this opinion.