82 F.3d 912
 109 Ed. Law Rep. 38, 96 Cal. Daily Op. Serv. 3127,
96 Daily Journal D.A.R. 5171
 LIVINGSTON SCHOOL DISTRICT NOS. 4 AND 1, a political
subdivision of the State of Montana, Plaintiff-Appellee,
v.
Nancy KEENAN, State Superintendent of Public Instruction, Defendant,
and
Vernon Lawrence; Carol Lawrence, as parents of D.L., a
minor, Defendants-Appellants.
 No. 94-35894.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Decided May 3, 1996.
 
 Jeffrey T. Renz, Jeffrey T. Renz & Associates, Missoula, Montana, for defendants-appellants.
 Randall G. Nelson, Felt, Martin, Frazier & Nelson, P.C., Billings, Montana, for plaintiff-appellee.
 Appeal from the United States District Court for the District of Montana; Jack D. Shanstrom, District Judge, Presiding. D.C. No. CV-93-00122-JDS.
 Before: FLETCHER, KOZINSKI and LEAVY, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 In this appeal, we must determine the proper statute of limitations for an action arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491, challenging the decision of an administrative hearing officer following an impartial due process hearing. Because the IDEA does not specify a limitations period, we borrow the most analogous state statute of limitations unless that statute would undermine the federal policies underlying the IDEA. Concluding that the most analogous state statute of limitations is Montana's thirty-day limitations period for judicial review of administrative decisions, we adopt this statute and reverse and remand for the district court to dismiss the complaint as time-barred.
 
 I.
 
 2
 In May 1987, while in kindergarten, D.L. was identified by the Livingston School District in Livingston, Montana, as mildly speech impaired and thereby eligible for special education services as a disabled student. D.L.'s teachers subsequently noticed that he had hearing difficulties. He received a series of hearing evaluations over the next several years, partially at the School District's expense and partially at his parents' expense. Pursuant to an audiologist's recommendation, D.L. was fitted with hearing aids.
 
 
 3
 In September 1992, D.L.'s parents, Vernon and Carol Lawrence, sought reimbursement from the Livingston School District for costs incurred for D.L.'s hearing aids and evaluations. The School District denied the Lawrences' request for reimbursement and the Lawrences filed a request for an administrative due process hearing.
 
 
 4
 Following a one-day hearing, the hearing examiner ruled in favor of the Lawrences, directing the School District to reimburse the Lawrences approximately $4000 for the costs of D.L.'s evaluations and hearing aids. The hearing examiner concluded that D.L.'s hearing difficulties were significantly related to his difficulty in attaining educational benefit from his educational program. As such, the district was required to provide "related services" to ensure D.L. a "free appropriate public education" under the IDEA. The hearing examiner entered her findings, conclusions, and order on May 26, 1993. The decision was served on the School District the next day.
 
 
 5
 On July 15, 1993, the School District filed a complaint under the IDEA in United States District Court for the District of Montana challenging the hearing officer's decision. The Lawrences moved to dismiss the complaint as time-barred. The district court denied the motion. Subsequently, the court entered summary judgment in favor of the School District, reversing the hearing examiner's decision in favor of the Lawrences. The court concluded, inter alia, that although D.L. had hearing problems, he was not disabled under the IDEA and therefore not entitled to medical evaluations or hearing aids as related services. Because we reverse on statute-of-limitations grounds, we do not address the merits of the district court's summary judgment ruling.
 
 II.
 A.
 
 6
 The Lawrences contend that the Montana Administrative Procedure Act, Mont.Code Ann. § 2-4-702(2)(a),[1] which provides a thirty-day limitations period for judicial review of administrative decisions, should apply to the School District's IDEA action. Under this statute of limitations, the School District's complaint was untimely.
 
 
 7
 The School District contends that either Montana's sixty-day limitations period for judicial review of a decision by the Superintendent of Public Instruction, Mont.Code Ann. § 20-3-107(2),[2] or Montana's two-year limitations period for an action upon "a liability created by statute," Mont.Code Ann. § 27-2-210, should apply. Under either of these statutes of limitations, the School District's complaint was timely.
 
 
 8
 The district court did not determine the applicable statute of limitations, merely concluding that the Montana Administrative Procedure Act's thirty-day limitations period did not apply and that under any other statute of limitations, the School District's complaint was timely. The district court's ruling on the appropriate statute of limitations is a question of law reviewed de novo. Mendez v. Ishikawajima-Harima Heavy Indus. Co., 52 F.3d 799, 800 (9th Cir.1995).
 
 B.
 
 9
 Because the IDEA does not specify a statute of limitations, we must determine the most closely analogous state statute of limitations. Dreher v. Amphitheater Unified School Dist., 22 F.3d 228, 231 (9th Cir.1994). This statute should be applied unless it would undermine the policies underlying the IDEA. Id. at 232.
 
 
 10
 The IDEA is designed to ensure that disabled children receive "a free appropriate public education." 20 U.S.C. § 1400(c). To this end, it establishes a system of procedural protections, including the parents' right to challenge "any matter relating to" the evaluation and education of the child. Id. § 1415(b)(1)(E). Parents have the right to have their complaints considered in "an impartial due process hearing." Id. § 1415(b)(2). If the hearing is conducted by a local educational agency or an intermediate educational unit, any party unsatisfied by the decision may appeal to the State educational agency. Id. § 1415(c). Any party still unsatisfied by the decision has "the right to bring a civil action ... in any State court of competent jurisdiction or in a district court of the United States...." Id. § 1415(e)(2).
 
 
 11
 In determining the most analogous state statute of limitations, "courts look to whether the scope of judicial proceedings available to a plaintiff under the state act is similar to the review available under [the IDEA]." Department of Educ. v. Carl D., 695 F.2d 1154, 1157 (9th Cir.1983). In evaluating an IDEA action, the district court "shall receive the records of the [state] administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). We have interpreted this provision as calling for de novo review of the administrative decision, Union School Dist. v. Smith, 15 F.3d 1519, 1524 (9th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 428, 130 L.Ed.2d 341 (1994), although we have cautioned the district court to give deference to the state hearing officer's findings, particularly when they are thorough and careful. Id.; see Board of Educ. v. Rowley, 458 U.S. 176, 206, 102 S.Ct. 3034, 3050-51, 73 L.Ed.2d 690 (1982) (reviewing courts must give "due weight" to the record of the administrative proceeding).
 
 
 12
 When confronted with an action challenging a state hearing officer's IDEA decision, as is the case here, several courts of appeal have applied the state's statute of limitations for judicial review of administrative decisions, see, e.g., Spiegler v. District of Columbia, 866 F.2d 461 (D.C.Cir.1989) (District of Columbia) (thirty-day statute of limitations for administrative appeals); Amann v. Town of Stow, 991 F.2d 929 (1st Cir.1993) (Massachusetts) (thirty-day limitations period governing civil actions seeking judicial review of administrative decisions); Dell v. Board of Education, 32 F.3d 1053 (7th Cir.1994) (Illinois) (120-day statute of limitations for judicial review of administrative decisions), whereas other courts have applied the state's longer limitations period for statutory causes of action, see, e.g., Tokarcik v. Forest Hills School Dist., 665 F.2d 443 (3d Cir.1981) (Pennsylvania) (two-year limitations period for an action to recover damages for personal injury from wrongful-negligent act); Schimmel v. Spillane, 819 F.2d 477 (4th Cir.1987) (Virginia) (one-year statute of limitations for a personal cause of action for which no other statute of limitations is prescribed).[3]
 
 
 13
 We agree with the First, Seventh, and D.C. Circuits that a civil action under the IDEA challenging an administrative hearing officer's decision after a due process hearing is more analogous to judicial review of an administrative appeal than to an action upon a liability created by statute. Pursuant to the Supreme Court's decision in Rowley, 458 U.S. 176, 102 S.Ct. 3034 (1982), deference is given to the hearing officer in IDEA actions as well as in administrative appeals. Spiegler, 866 F.2d at 466; see supra note 1. Accordingly, differences in the standard of review are "relatively minor" given the district court's "quasi-appellate role under section 1415(e)(2)." Spiegler, 866 F.2d at 465. Similarly, the IDEA's requirement that the trial court accept additional evidence at the request of a party "does not significantly distinguish the nature of the proceeding from appellate review of administrative actions, because in both cases the administrative record is usually the principal evidence before the reviewing court." Id.; see also Town of Burlington v. Department of Educ., 736 F.2d 773, 790 (1st Cir.1984) (review will generally be on the administrative record, with little, if any, supplementation of the evidence), aff'd, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985).[4] By contrast, in an action upon a liability created by statute, there is no review of an administrative decision and no deference to administrative findings. The district court's decision is entirely independent.
 
 
 14
 Moreover, applying a relatively short judicial review limitations period is consistent with the IDEA's policy of prompt resolution of questions resolving a disabled student's education. See Carl D., 695 F.2d at 1157 ("[I]n holding that the thirty-day period applies, we are mindful of the need to assure prompt resolution of disputes over education plans for handicapped children."). In the final Senate debate on the legislation, Senator Williams, the champion of the Act, stated:
 
 
 15
 I cannot emphasize enough that delay in resolving matters regarding the education program of a handicapped child is extremely detrimental to his development.... Thus, in light of the urgent need for prompt resolution of questions involving the education of handicapped children it is expected that all hearings and reviews conducted pursuant to these provisions will be commenced and disposed of as quickly as practicable consistent with a fair consideration of the issues involved.
 
 
 16
 121 Cong. Rec. 37,416 (1975), quoted in Carl D., 695 F.2d at 1157. "Just as all deadlines throughout the administrative process are short, the review of that process also should take place within a short period of time." Dell v. Board of Education, 32 F.3d 1053, 1061 (7th Cir.1994) (applying Illinois's 120-day time limitation for judicial review of administrative decision to parent's reimbursement claim under the IDEA). "[B]y the time parties have reached the point of considering judicial action, the matter will have already been determined twice through the administrative process. Significantly, the parties do not necessarily have to prepare for trial during the 30 days allowed, they must only decide whether to continue their litigation efforts." Spiegler, 866 F.2d at 467-68 (internal citation omitted). And finally, equitable tolling may possibly extend the period when unrepresented parents are unaware of the availability of judicial review and of the limitations period. Carl D., 695 F.2d at 1158; see also Spiegler, 866 F.2d at 467 (district must give parents clear notice of the availability of judicial review and of the thirty-day limitations period; otherwise it may not invoke statute of limitations against parents).[5]
 
 C.
 
 17
 The School District contends that if this court applies a judicial review statute of limitations, we should apply Montana's sixty-day statute of limitations for judicial review of a decision of the Superintendent of Public Instruction, Mont.Code Ann. § 20-3-107(2), rather than the Montana Administrative Procedure Act's thirty-day statute of limitations for judicial review of administrative decisions, Mont.Code Ann. § 2-4-702(2)(a). We disagree. The Montana Administrative Procedure Act provides a broadly applicable statute of limitations for judicial review of administrative decisions in the state. Section 20-3-107(2) applies only to judicial review of decisions made by the Superintendent; the Superintendent does not render decisions in IDEA cases. In fact, when the Superintendent is disqualified under Mont.Code Ann. § 20-3-107(2) and an independent hearing officer is appointed to hear a case the Superintendent otherwise would have heard, the general thirty-day limitations period of the Montana Administrative Procedure Act, rather than a sixty-day period, applies in state court. Mont.Code Ann. § 20-3-107.
 
 
 18
 The School District further asserts that judicial review pursuant to Mont.Code Ann. § 20-3-107(2) is unrestricted in scope and therefore more analogous than the Montana Administrative Procedure Act to review under the IDEA. To the contrary, the Montana Supreme Court has held that the scope of judicial review of a Superintendent's decision under Mont.Code Ann. § 20-3-107 is identical to the scope of review under the Montana Administrative Procedure Act. Both are limited by Mont.Code Ann. § 2-4-704. Booth v. Argenbright, 225 Mont. 272, 731 P.2d 1318, 1321 (1987); see supra note 1. Therefore, there is no reason to borrow the specific limitations period for judicial review of decisions of the Superintendent rather than Montana's general statute of limitations for judicial review of administrative decisions.III.
 
 
 19
 The district court should have borrowed Montana's thirty-day statute of limitations for judicial review of administrative decisions, Mont.Code Ann. § 2-4-702(2)(a), to apply to the School District's IDEA complaint. Under this statute of limitations, the School District's action was untimely, having been filed 49 days after service of the hearing officer's decision. We reverse and remand with instructions for the district court to dismiss the School District's complaint and reinstate the hearing officer's decision in favor of the Lawrences.
 
 
 
 [1]
 "[P]roceedings for review must be instituted by filing a petition in district court within 30 days after service of the final decision of the agency...." Mont.Code Ann. § 2-4-702(2)(a). "[R]eview shall be ... confined to the record." Id. § 2-4-704(1). However, "[t]his section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by statute." Id. § 2-4-702(1)(a). When reviewing an administrative decision under the Montana Administrative Procedure Act, "[t]he court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Id. § 2-4-704(2). The court, however, may reverse or modify the decision if the administrative findings or conclusions are, inter alia, in violation of constitutional or statutory provisions, affected by other error of law, clearly erroneous, or characterized by an abuse of discretion. Id. § 2-4-704(2)(a)
 
 
 [2]
 "The superintendent of public instruction shall decide matters of controversy when they are appealed from: (a) a decision of a county superintendent ...; or (b) a decision of a county transportation committee ... (2) ... The decision of the superintendent of public instruction shall be final, subject to the proper legal remedies in the state courts. Such proceedings shall be commenced no later than 60 days after the date of the decision of the superintendent of public instruction." Mont.Code Ann. § 20-3-107
 
 
 [3]
 The Ninth Circuit has not addressed this exact issue. In Alexopulos v. San Francisco Unified School Dist., 817 F.2d 551 (9th Cir.1987) and Dreher v. Amphitheater Unified School Dist., 22 F.3d 228 (9th Cir.1994), we applied California's three-year limitations period for statutory causes of action and Arizona's one-year statute of limitations for liabilities created by statute to the plaintiffs' respective IDEA actions. Neither case, however, involved a challenge to an administrative hearing officer's decision following a due process hearing. We noted that a different limitations period might apply in such a case. Dreher, 22 F.3d at 232 ("Although under other circumstances the Arizona [35-day] statute of limitations for reviewing agency decisions might apply ... [t]he plaintiffs were not granted a due process hearing, so their action is not analogous to an appeal of a final administrative decision."); Alexopulos, 817 F.2d at 555 n. 4 ("We note a different California limitation period may apply when the question is timely appeal from a hearing officer's decision.")
 In Carl D., we found Hawaii's thirty-day limitations period for administrative appeals applicable to a civil action challenging a hearing officer's IDEA decision after a due process hearing. We noted, however, that Hawaii's Administrative Procedure Act, like the IDEA and unlike the typical judicial review statute, provided for the introduction of additional evidence in a particular case if authorized by statute. Carl D., 695 F.2d at 1157.
 
 
 [4]
 In the instant case, review was solely on the administrative record
 
 
 [5]
 The School District also invokes equitable tolling on the ground that it was not represented by counsel at the administrative due process hearing. But a state agency's lack of representation in administrative proceedings is not a sufficient reason to excuse its late appeal to district court. Cf. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 91, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990) (equitable tolling did not excuse failure to appeal to district court within 30 days after plaintiff's lawyer's office received right to sue letter, even though lawyer was absent from office when letter arrived and for 17 days thereafter). The School District's contention that the limitations period did not accrue until ninety days after the hearing officer's decision, since the officer gave the Lawrences thirty days to submit receipts to the School District for part of the award and gave the School District another sixty days to begin complying, is unavailing. The period began to run at such time as the decision was rendered and served, not at the time compliance would begin. The School District's contention that the Lawrences waived the statute-of-limitations issue by raising it in a 12(b)(6) motion but not in their answer is also without merit. See, e.g., Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir.1984) (affirmative defense raised by a Rule 12 motion but omitted from answer filed after the motion was denied has not been waived for purposes of appeal)