**L.C. and K.C., et al., Plaintiffs,**

v.

**UTAH STATE BOARD OF EDUCATION, et al., Defendants.**

**No. 2:98CV00207C.**

United States District Court,
D. Utah,
Central Division.

July 27, 1999.

---

**1216**

Mr. Keith A. Kelly, Salt Lake City, UT, for Plaintiffs.

Ms. Renee Spooner, Salt Lake City, UT, for Defendants.

## ORDER

CAMPBELL, District Judge.

This matter comes before the court on the defendants' motion to dismiss. The court conducted a hearing on this matter on June 23, 1999, at which Dee Chambers and Keith Kelly represented the plaintiffs, and Renee Spooner represented the State Board of Education and other defendants. Having considered the arguments of counsel, the submissions of the parties, and applicable legal authority, the court now enters the following order.

### Background

Parents L.C. and K.C. brought this lawsuit on their own behalf and on behalf of their son N.C., who has been diagnosed as learning disabled and communication disordered. N.C. attended schools within the Ogden City School District from first grade through the end of seventh grade. He had received special education services from the school district, designed by district staff and L.C. and K.C. through individual education plan (IEP) meetings. L.C. and K.C. allege that as N.C. grew older, the school's unwillingness to provide him with an appropriate IEP plan and special education services caused N.C. increasing distress. This distress impeded N.C.'s academic progress, and caused him severe anxiety. N.C.'s anxiety increased, finally causing him to be hospitalized for three weeks in the spring of 1995. After N.C.'s distress continued and IEP meetings with school staff conducted in April 1995 and January 1996 proved unsuccessful, L.C. and K.C. removed N.C. from the Ogden City School District and placed him in a private school, Special Education Program Services (SEPS).

On September 30, 1996, L.C. and K.C. requested a "due process hearing" under the Individuals with Disabilities in Education Act (IDEA) to enforce N.C.'s right to receive a free and appropriate public education. IDEA allows parents to request a hearing when a school "refuses to ... change the identification, evaluation, or educational placement of the child of the provision of a free appropriate public education to the child." 20 U.S.C. § 1415(b)(1)(C). IDEA also establishes procedures for evaluating parental complaints, stating that "[w]henever a complaint ... has been received ... the parents or guardian shall have an opportunity for an impartial due process hearing ...." 20 U.S.C. § 1415(b)(2); *see also* Utah Code Ann. § 53A–15–305 (providing for dispute resolution procedures in the context of IDEA claims).

During the first week of December 1996, Dr. Cregg Ingram was appointed as the hearing officer after both the school district and the parents submitted names of acceptable candidates, and Dr. Ingram's name had appeared on both lists. An initial pre-hearing conference was scheduled for January 1997.

The school district subsequently withdrew its consent to Dr. Ingram's appointment, and he recused himself. On January 17, 1997, defendant Mae Taylor–Sweeten, State Coordinator and Compliance Officer for Special Education Programs, appointed Dr. Ralph Haws as a replacement hearing officer. Pre-hearing conferences were conducted on January 24, 1997, and on February 14, 1997. The

hearing was conducted on April 10–11, May 23, and June 27, 1997. Ms. Taylor–Sweeten appeared as an expert witness on behalf of the school district. Dr. Haws rendered his final decision and order on November 3, 1997, denying L.C. and K.C.'s requests for relief.

L.C. and K.C. filed their request for an administrative appeal on November 10, 1997. *See* 20 U.S.C. § 1415(c) (stating "[i]f the hearing ... is conducted by a local educational agency or an intermediate educational unit, any party aggrieved by the findings and decision ... may appeal to the State educational agency which shall conduct an impartial review of such hearing"); *see also* Utah Code Ann. § 53A–15–305(7) (establishing procedures for selecting review panel). Because the school district and parents were unable to agree on the composition of the appeals panel, the State Superintendent of Public Instruction appointed the three panel members on December 10, 1997. L.C. and K.C. allege that Taylor–Sweeten then "improperly instructed the appeals panel how to affirm the due process hearing." (Third Am. Compl. at ¶ 53(e)). The panel issued its opinion on February 3, 1998, affirming Dr. Haws's decision.

L.C. and K.C.[1] brought this lawsuit on March 23, 1998, alleging the following claims:

1. under 20 U.S.C. § 1400 et seq. (IDEA), claiming that the substantive outcome of the IDEA hearing process violated N.C.'s right to receive a free and appropriate public education;

2. under 42 U.S.C. § 1983, claiming that the defendants failed to provide N.C., L.C., and K.C. with the due process protections guaranteed under IDEA; and

3. under 42 U.S.C. § 1983, for failure to provide due process protections guaranteed by the Due Process Clause of the Fifth Amendment.

The defendants have moved to dismiss this case on several grounds:

1. plaintiffs failed to file a timely administrative appeal;

2. plaintiffs cannot sue under 42 U.S.C. § 1983 for IDEA violations;

3. plaintiffs failed to state a claim for violations of IDEA's due process guarantees; and

4. defendant Taylor–Sweeten is entitled to qualified immunity.[2]

### Analysis

I. *Does the Thirty–Day Statute of Limitations for Administrative Appeals Bar Plaintiffs' IDEA Claim?*

A. *Standard of Review*

Defendants have moved to dismiss this claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, since the parties have presented materials outside their pleadings, the court will treat this as a motion for summary judgment. *See* Fed.R.Civ.P. 12(c).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct.

---

1. Plaintiffs have styled their case as a class action. However, plaintiffs have not applied for class certification, and the court has not granted it.

2. The court does not reach the question of whether the state has waived its Eleventh Amendment immunity from suit in this case, or whether IDEA itself waives state sovereign immunity. *See Marie O. v. Edgar,* 131 F.3d 610, 614–18 (7th Cir.1997) (finding that states accepting funding under IDEA have waived sovereign immunity). The court will assume that the state has waived sovereign immunity for purposes of this order.

1348, 89 L.Ed.2d 538 (1986); *Pueblo of Santa Ana v. Kelly*, 104 F.3d 1546, 1552 (10th Cir.1997).

### B. *Which Statute of Limitations Applies ?*

In their motion, defendants argue that plaintiffs' first claim, alleging that N.C. was denied a free and appropriate public education, is barred by Utah's thirty-day statute of limitations for filing judicial challenges to the administrative appeals decision. *See* Utah Code Ann. § 53A–15–305 (stating that a party may appeal a review panel decision regarding a disabled student's education rights, and that "the party must file the judicial appeal within thirty days after issuance of the review panel's decision"). At the hearing, defendants conceded that this statute of limitations would only apply to the plaintiffs' first claim, substantively challenging to the review panel decision, and would not apply to plaintiffs' second and third claims brought under 42 U.S.C. § 1983 for procedural violations.

■ IDEA, like § 1983, does not contain its own limitation period. *See Cleveland Heights–University Heights City Sch. Dist. v. Boss*, 144 F.3d 391, 396 (6th Cir.1998). States may enact statutes of limitations specific to appeals from administrative decisions based on IDEA claims. *See id.* at 397. In the absence of specific state laws, courts should apply the state statute of limitations from the state law most analogous to the relevant portion of IDEA. *See id.* at 396.

Most courts have determined that when plaintiffs seek judicial review of a review board decision under IDEA, the most applicable state law is that governing the appeal of state administrative decisions. *See Livingston Sch. Dist. v. Keenan*, 82 F.3d 912, 916 (9th Cir.1996) (applying Montana's thirty-day statute of limitations for appeals of administrative decisions to appeal of IDEA decision); *Dell v. Board of Educ.*, 32 F.3d 1053, 1060 (7th Cir.1994) (applying Illinois' statute of limitations for

appeals of administrative decisions brought under that state's law on educating disabled children); *Amann v. Town of Stow*, 991 F.2d 929 (1st Cir.1993) (applying thirty-day limit for appeals of administrative decision); *Spiegler v. District of Columbia*, 866 F.2d 461 (D.C.Cir.1989) (applying thirty-day limit for appeals of administrative decisions). *But see Jeremy H. v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 280 (3rd Cir.1996) (applying either two or six year statute of limitations to claims brought by parents challenging administrative panel decision). .

■ As noted earlier, the Utah Code states that judicial appeals of the IDEA review panel's decision must be filed within thirty days. *See* Utah Code Ann. § 53A–15–305(8)(b). This statute of limitations is the same as the Utah law defining the statute of limitations for appeals of state administrative decisions. *See* Utah Code Ann. § 63–46b–14(3). This short limitations period is consistent with the goals of Congress in enacting IDEA, including the goal of resolving disputes regarding a child's education plan promptly. *See Keenan*, 82 F.3d at 916 (citing Congressional debate emphasizing the importance of promptly resolving disputes). The court determines that the Utah thirty-day statute of limitations applies to the plaintiff's challenge to the review board decision.

### B. *Equitable Tolling*

■ Plaintiffs filed their claim on March 23, 1998, fifty days after the review board issued its decision on February 3, 1998. Defendants argue that plaintiffs' first IDEA claim for denial of a free and appropriate public education should be dismissed, because the plaintiffs' request for judicial review was filed beyond the thirty-day limitation period. Plaintiffs counter that the statute of limitations should be equitably tolled, because defendants failed to follow the clear language of IDEA, which requires schools to notify parents of

the procedures they must follow to bring and appeal IDEA claims.

IDEA requires that schools provide parents with written notice of procedural safeguards whenever the school either proposes to change, or refuses to change, a child's educational evaluation or placement. *See* 20 U.S.C. § 1415(b)(3). The statute states:

> Any state educational agency ... that receives assistance under this subchapter shall establish and maintain procedures ... to ensure that children with disabilities and their parents are guaranteed procedural safeguards .... [T]he procedures required by this section shall include ... written prior notice to the parents .... The procedural safeguards notice shall include a full explanation of the procedural safeguards, written in the native language of the parents ... relating to ... mediation ... due process hearings ... state level appeals ... civil actions; and ... attorneys' fees.

20 U.S.C. § 1415(a)-(d).

Courts evaluating this language have held that schools must notify parents about the statute of limitations as a component of procedural safeguards, and defendants have conceded this point. *See Keenan,* 82 F.3d at 917 (stating that equitable tolling may apply, and that a district who fails to provide notice of limitations period "may not invoke statute of limitations against parents"); *Amann,* 991 F.2d at 932 (stating that the notice requirement ensures "that parents ... do not lose their right to judicial review merely out of ignorance of the law"); *Spiegler,* 866 F.2d at 467 & 469 (holding that thirty-day limitations period is mitigated by requirement that school give parents notice of statute of limitations, and that school's failure to provide notice barred the school from invoking the statute of limitations).

There is no dispute that the Ogden City School District failed to provide L.C. and K.C. with any notice of the statute of limitations applicable to their IDEA claims.

However, even in the face of this clear violation of a statutory duty, defendants contend that equitable tolling should not apply to this case because plaintiffs were represented by counsel. *See Powers v. Indiana Dept. of Educ.,* 61 F.3d 552, 559 (7th Cir.1995) (holding that equitable tolling for failure to provide notice of statute of limitations did not apply to case in which parents were represented by an attorney). But the record here indicates that although L.C. and K.C. had been represented by counsel during the administrative process, their lawyer withdrew from the case when the administrative review board took the matter under advisement. (*See* Aff. of D.R. Chambers at 2). After the board issued its decision, K.C. contacted one of the appeals panel members, a Utah state senator, a United States representative, the United States Department of Education, and the Ogden City School Board to obtain information on her legal options and how to obtain new counsel. None of these people notified her about the thirty-day statute of limitations. (*See* Aff. of K.C. at 4-6). Furthermore, once plaintiffs did retain new counsel, they filed their case within twenty days.

The court concludes that equitable tolling applies to this case. The defendants' motion to dismiss plaintiffs' first claim under IDEA for deprivation of a free and appropriate public education is DENIED.

## II. Scope of Plaintiffs' § 1983 Claims and Available Relief

### A. Can Plaintiffs Bring Suit under 42 U.S.C. § 1983 for Violations of IDEA?

Defendants have moved for summary judgment on plaintiffs' second claim brought under 42 U.S.C. § 1983 for violations of the due process guarantees of IDEA. Defendants argue that IDEA does not permit enforcement suits to be brought under § 1983. The history of IDEA provides some necessary context for understanding this argument. In 1970, Congress

passed the precursor to IDEA, the Education of the Handicapped Act (EHA). *See* 20 U.S.C. § 1400–1487. In 1984, the Supreme Court held that a disabled child could not bring suit under § 1983 for violations of the EHA, since the statute itself provided the only remedies for its violation. *See Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). Congress responded by passing an amendment to the EHA which expressly overruled *Smith*, stating:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies under the Constitution, Title V of the Rehabilitation Act of 1973, or other federal statutes protecting the rights of handicapped children and youth, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures ... shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(f). In 1990, Congress renamed the EHA as IDEA, and the language of § 1415(f) applies to the plaintiffs' case.[3]

Defendants refer the court to *Sellers v. School Bd. of Manassas*, 141 F.3d 524, 529–30 (4th Cir.1998), which held that plaintiffs may not bring a § 1983 suit for any kind of relief related to a violation of IDEA. The *Sellers* court reasoned that § 1415(f) preserves only those remedies provided by the Constitution and enumerated statutes, and the statutes listed in § 1415(f) do not include § 1983. However, this analysis contradicts the holdings of the Tenth Circuit, which have held that IDEA violations may be challenged through a § 1983 suit, as long as administrative remedies are exhausted before suit is brought. *See Association For Commu-*

*nity Living in Colorado v. Romer*, 992 F.2d 1040, 1044 (10th Cir.1993) (stating that plaintiffs could bring § 1983 suit for violations of IDEA without exhaustion if exhaustion would be futile or would fail to provide appropriate relief); *Hayes v. Unified Sch. Dist. No. 377*, 877 F.2d 809, 810 (10th Cir.1989) (same). Other circuit courts have consistently agreed that plaintiffs may bring § 1983 suits for violations of IDEA, as long as they have exhausted their administrative remedies. *See Doe v. Arizona Dept. of Educ.*, 111 F.3d 678, 680–81 (9th Cir.1997) (requiring exhaustion for claims brought under § 1983 for IDEA violations); *Monticello Sch. Dist. v. George L.*, 102 F.3d 895, 903–04 (7th Cir.1996) (same); *Jeremy H. v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 280 (3rd Cir.1996) (same); *N.B. v. Alachua Co. Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir.1996) (same). The parties do not dispute that plaintiffs have exhausted their administrative remedies in this case.

The court finds that IDEA permits plaintiffs to bring an enforcement suit under 42 U.S.C. § 1983. The defendants' motion to dismiss plaintiffs' second claim under § 1983 for violations of IDEA's due process guarantees is DENIED.

### B. *Are Damages Available for Violations of IDEA ?*

In their first claim under IDEA, challenging the review board's decision that N.C. did receive a free and appropriate public education, and in their second claim under § 1983 for violations of IDEA's due process guarantees, K.C. and L.C. request reimbursement for N.C.'s educational expenses, attorney fees, and other compensatory and injunctive relief. Defendants challenge the availability of money damages for plaintiffs' first two claims, arguing that IDEA does not provide for money

---

**3.** Congress amended this portion of IDEA after plaintiffs filed this suit, adding references to the Americans with Disabilities Act. The amendment changed the citation for this language to § 1415(*l* ). To avoid confusion in the discussion of cases considering relief available under this statute, the court will cite to § 1415(f), the law in force at the time this suit was filed.

damages in suits brought either under IDEA itself or under § 1983.[4] Since § 1983 merely guarantees rights provided by statute and does not expand them, this court must determine whether IDEA itself allows plaintiffs to recover damages. *See Padilla v. School Dist. No. 1*, 35 F.Supp.2d 1260, 1266 (D.Colo.1999).

■ It is important to note that reimbursement for tuition expenses at N.C.'s private school, if that placement is determined to be the most appropriate one for N.C., does not constitute "damages" under IDEA. Courts considering such reimbursement have characterized it as equitable relief—a form of restitution for expenses the school district is obligated to pay under IDEA. *See School Comm. of Burlington v. Department of Educ.*, 471 U.S. 359, 369, 370, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985) (finding that IDEA authorizes reimbursement for special education services and that reimbursement does not constitute damages; the Court did not reach the question of whether damages would be available). Therefore, if plaintiffs prevail on their first two claims for violations of IDEA, they could recover the amount of tuition they paid for N.C.'s private school tuition.

The question of whether money damages are available is more complex. The language of IDEA itself does not limit the remedies a court may grant to plaintiffs; the statute provides that "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2).

Courts considering § 1983 claims brought for violations of IDEA have sharply divided on whether plaintiffs may recover money damages from such suits, and the Tenth Circuit has not considered this question. *See W.B. v. Matula*, 67 F.3d 484, 495 (3rd Cir.1995) (stating that "the traditional presumption in favor of all appropriate relief is not rebutted as to § 1983 actions to enforce IDEA ... an aggrieved parent or disabled child is not barred from seeking monetary damages in such an action"); *Padilla*, 35 F.Supp.2d at 1268 (finding compensation is an available remedy for IDEA violations challenged through § 1983); *Cappillino v. Hyde Park Central Sch. Dist.*, 40 F.Supp.2d 513 (S.D.N.Y.1999) (finding IDEA does not preclude claim for damages under § 1983); *Walker v. District of Columbia*, 969 F.Supp. 794 (D.D.C.1997) (following *W.B.*, finding § 1415(f) permitted § 1983 suits for both damages and equitable relief, but finding that IDEA itself does not authorize damages); *Emma C. v. Eastin*, 985 F.Supp. 940, 943 (N.D.Cal. 1997) (finding IDEA permitted damages claims under § 1983). *But see Heidemann v. Rother*, 84 F.3d 1021, 1032–33 (8th Cir.1996) (finding damages not available under IDEA, and thus barred in § 1983 suit for IDEA violations); *Charlie F. v. Board of Educ. of Skokie*, 98 F.3d 989, 991 (7th Cir.1996) (stating that IDEA does not authorize compensatory money damages, but implying that § 1983 might by itself provide for damages for IDEA violations); *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 980 F.2d 382, 386 (6th Cir.1992) (stating "we do not find case authority interpreting the Act [EHA] to allow an award of general damages for emotional injury or injury to a dignitary interest").

■ The statutory language of IDEA authorizes the court to award "such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). The Supreme

---

4. However, defendants do not challenge the availability of equitable relief under IDEA itself or under § 1983 claims for violations of IDEA. Damages are, of course, available under § 1983 for violations of the due process clause of the Constitution. *See Carey v. Pi-* *phus*, 435 U.S. 247, 254–55, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (discussing the scope and type of damages available to students who brought a § 1983 suit against a school district which had suspended them in violation of their Constitutional due process rights).

Court set out the proper analysis for determining the scope of relief provided by a federal statute in *Franklin v. Gwinnett County Public Sch.,* 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), in which it considered whether money damages were available for a suit brought for violations of Title IX. In its decision, the Court stated that "the general rule ... is that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute." *Id.* at 70–71, 112 S.Ct. 1028.

■ The plain language of IDEA gives the courts broad discretion to issue whatever form of relief is most appropriate. There is no clear indication that Congress intended to limit the available remedies under IDEA. *See Padilla,* 35 F.Supp.2d 1260, 1267 (analyzing the legislative context for IDEA and determining that Congress "knew that a clear statutory expression against awarding monetary damages would be required to foreclose that remedy").

This court finds that IDEA does not clearly foreclose the award of money damages. Instead, IDEA grants courts discretion to fashion appropriate relief. The court DENIES defendants' motion for summary judgment on the availability of damages in plaintiffs' first two claims for violations of IDEA and under § 1983 for violations of IDEA's due process guarantees.

III. *Have Plaintiffs Stated a Claim Under 28 U.S.C. § 1983 for Violations of IDEA and the United States Constitution?*

Defendants contend that even if this court permits the plaintiffs to bring a claim under 42 U.S.C. § 1983 for violations of IDEA, the allegations in plaintiffs' complaint do not state a claim under IDEA.

A. *Standard of Review*

While both plaintiffs and defendants have submitted evidentiary materials related to the pending motions, the record is not complete. This court has discretion to decide whether or not to exclude supplementary materials. *See* Fed.R.Civ.P. 12(c) (stating, "If ... matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ...."). Since discovery has not yet been conducted in this case, it is inappropriate to consider defendants' motions to dismiss under summary judgment standards. The court excludes the parties' supplementary materials from its consideration at this time.

For purposes of a motion to dismiss, the court construes the complaint in the light most favorable to the plaintiffs, and its allegations are taken to be true. All inferences are drawn in favor of the pleaders. *See Kamplain v. Curry County Bd. of Comm'rs,* 159 F.3d 1248, 1250 (10th Cir. 1998). Dismissal for failure to state a claim is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

B. *Have Plaintiffs Stated A Claim?*

■ Defendants contend that plaintiffs have failed to plead that they were deprived of rights guaranteed under IDEA. Defendants specifically assert that IDEA does not guarantee parental input into the choice of a hearing officer and that Taylor–Sweeten's involvement in the case could not have violated plaintiffs' due process rights. However, plaintiffs plead that defendants' actions violated IDEA for the following reasons:

1. State law implementing IDEA states that due process hearings should be completed within 45 days of the parents' request, Utah Code Ann. § 53A–15–305(6)(a), and in this case more than six months passed between the request and

the hearing, and findings of fact were not issued until thirteen months after the request for hearing was filed.

2. State law implementing IDEA requires that the review board evaluating the due process hearing decision must deliver written findings within thirty days of the request for review, Utah Code Ann. § 53A–15–305(7)(c), and in this case almost three months passed between the request for review and the decision.

3. 20 U.S.C. § 1415(b)(2) and § 1415(c) guarantee parents "an impartial due process hearing," and "an impartial review of such hearing." The complaint alleges that the defendants acted to appoint a biased hearing officer, improperly coached witnesses in preparation for the due process hearing, had the staff member who selected the officer testify as an expert witness on behalf of the school, improperly selected a biased review board, and improperly coached the review board to find in the district's favor.

4. 20 U.S.C. § 1415(a)-(d) require the defendants to provide parents with a written notice of their due process safeguards, including procedures for bringing administrative appeals and lawsuits and applicable statutes of limitations. The complaint alleges and defendants concede that they did not notify the plaintiffs of the availability of judicial review or applicable statutes of limitations.

With these allegations, plaintiffs have clearly stated a claim under 42 U.S.C. § 1983 for the deprivation of rights guaranteed under federal law. The defendants' motion to dismiss for failure to state a claim is DENIED. However, defendants may renew their arguments in the form of a motion for summary judgment.

IV. *Qualified Immunity*

 Defendants contend that Mae Taylor–Sweeten is entitled to the defense of qualified immunity. Once the affirmative defense of qualified immunity is raised, the plaintiff bears the burden of showing that the officials' actions violated a federal statutory or constitutional right and that the right was clearly established when the violation occurred. *See Wilson v. Meeks,* 52 F.3d 1547, 1552 (10th Cir. 1995). However, as discussed above, in view of the undeveloped record in this case, the court can look only to the complaint.

 Plaintiffs have clearly plead that Ms. Taylor–Sweeten's acts violated the due process guarantees of IDEA, which were defined by federal statute and state regulations at the time the alleged conduct occurred. Plaintiffs's complaint states that Taylor–Sweeten:

1. failed to ensure the hearings and appeal were conducted in compliance with the time lines established under IDEA and Utah Code Ann. § 53A–15–305;

2. failed to consider parental input into selecting a hearing officer as required by IDEA and Utah Code Ann. § 53A–15–305;

3. selected an officer biased in favor of the school district in violation of IDEA's guarantee of impartiality;

4. participated as an expert witness in the hearing before the officer she selected, thus compromising the impartiality of the officer's decision;

5. instructed the review board how to affirm the hearing officer's decision, compromising the impartiality of the review process;

6. failed to notify plaintiffs of their due process rights regarding administrative and judicial review, as required by IDEA; and

7. has engaged in a pattern and practice of violating IDEA due process guarantees in other cases.

Plaintiffs have plead facts sufficient to withstand, at this stage, Taylor–Sweeten's motion based on qualified immunity. The defendants' motion is DENIED. However, Taylor–Sweeten may renew her qualified immunity arguments in a motion for summary judgment.

*Order*

1. The defendants' motion to dismiss plaintiffs' first claim, because it was filed after the thirty-day statute of limitations for IDEA appeals, is DENIED;

2. the defendants' motion to dismiss plaintiffs' second claim under 42 U.S.C. § 1983 for violations of IDEA's due process guarantees is DENIED;

3. the defendants' motion to dismiss plaintiffs' first and second claims for damages, under IDEA and under 42 U.S.C. § 1983 for substantive and procedural violations of IDEA, is DENIED;

4. the defendants' motion to dismiss plaintiffs' second claim, for failure to state a claim under 42 U.S.C. § 1983 for violations of IDEA, is DENIED; and

5. the defendants' motion to dismiss claims against Mae Taylor–Sweeten on the basis of qualified immunity is DENIED.