NATALIE P. a minor child, by and through her mother AURORA P.; Aurora and James P. Plaintiffs–Appellants,

v.

CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; Nevada State Department of Education; Charlene Green, Assistant Superintendent of Student Support Services Division, Clark County School District; Michael S. Harley, Esq., monitoring and compliance officer, Clark County School District; John Schleifer, Dean, Grant Sawyer Middle School; Dr. Brian Cram, Superintendent, Clark County School District, and Does 1–100, Defendants–Appellees.

No. 01–15774.
D.C. No. CV–S–99–1740–RLH(LRL).

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2002.*

Decided May 16, 2002.

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI, Judge.**

MEMORANDUM ***

Natalie P., a minor, and her parents Aurora and James P., ("Appellants") seek reversal of a grant of summary judgment in favor of Clark County School District et al. ("Appellees"). Appellants claim the district court erred in finding that their Individuals with Disabilities Education Act ("IDEA") claim was time-barred according to an analogous limitations period in the Nevada Administrative Procedure Act, NRS § 233B.121, *et seq.* Appellants also appeal the district court's dismissal of their claims of discrimination under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; civil rights violations under 42 U.S.C. § 1983; as well as other violations of the IDEA and pendent state law claims. We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed R.App. P. 34(a)(2).

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

■ The district court properly applied the limitations period for judicial review of administrative decisions as provided in the Nevada APA. *See Livingston Sch. Dist. Nos. 4 & 1 v. Keenan,* 82 F.3d 912, 915 (9th Cir.1996) ("A civil action under the IDEA challenging an administrative hearing officer's decision after a due process hearing ... is more analogous to judicial review of an administrative appeal than to an action upon a liability created by statute."). The differences in review under the IDEA and the Nevada APA cited by the Appellants are "relatively minor" in light of the district court's "quasi-appellate role" under the IDEA. *See id.* (citing *Bd. of Educ. v. Rowley,* 458 U.S. 176, 205, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)). Although agency determinations under the IDEA are accorded less deference than other agency actions, the IDEA does not empower courts to "substitute their own notions of sound educational policy for those of the school authorities which they review." *See Ojai Unified School Dist. v. Jackson,* 4 F.3d 1467, 1472 (9th Cir.1993), *cert. denied,* 513 U.S. 825, 115 S.Ct. 90, 130 L.Ed.2d 41 (1994).

The Nevada APA specifies that a petition must "be filed within 30 days after service of the final decision of the agency," and that such petition must be served upon the agency and every party within forty-five days after the filing of the petition. *See* NRS § 233B.130(2)(c), (5). Although Appellants filed the original complaint within thirty days of the State Administrative Review Officer's November 15 decision, they did not serve the Appellees until April 10, 2000, more than forty-five days after the complaint was filed. Appellants' arguments that the thirty-day limitation period is inconsistent with the federal policy of the IDEA and should not be rigidly enforced are unconvincing, especially since Appellants were represented by counsel and were specifically notified of the thirty-day period for filing a civil action. Appellants' other claims under the IDEA are barred for failure to exhaust administrative remedies. *See* 20 U.S.C. § 1415(1).

■ In addition, the district court properly held that Appellants failed to establish a claim under the Rehabilitation Act, as Appellants merely realleged a violation of the IDEA without presenting evidence that would support a finding of intentional discrimination. *See* 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ...."); *see also Ferguson v. City of Phoenix,* 157 F.3d 668, 675 (9th Cir.1998) (under Rehabilitation Act, plaintiffs must show intentional discrimination, which may be defined as "deliberate indifference"). Similarly, Appellants' Section 1983 claim was properly dismissed, as Appellants did not allege any facts which would establish that a constitutional violation outside the parameters of the IDEA have occurred. *See Dept. of Educ. v. Katherine D.,* 727 F.2d 809, 820 (9th Cir.1984).

Lastly, the district court properly dismissed Appellants' claim under Nevada state law, NRS § 388.440, for lack of pendent jurisdiction.

Accordingly, the district court's grant of summary judgment is AFFIRMED.