**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

S. J., a minor child by and through
his parents S.H.J. and J.J.,
                *Plaintiff-Appellant,*

v.

ISSAQUAH SCHOOL DISTRICT NO.
411; JANET BARRY, Superintendent;
DIANA WATERSTRAT, Director of
Special Education,
                *Defendants-Appellees.*

No. 05-35183

D.C. No.
CV-04-01926-RSL

OPINION

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted
November 13, 2006—Seattle, Washington

Filed December 11, 2006

Before: Arthur L. Alarcón, Pamela Ann Rymer, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Rymer

19319

**COUNSEL**

Jeannette A. Cohen, Shoreline, Washington, for the plaintiff-appellant.

Robert B. Mitchell (argued) and Karen H. Simmonds (on the briefs), Preston Gates & Ellis, Seattle, Washington, for the defendants-appellees.

**OPINION**

RYMER, Circuit Judge:

This appeal presents the question whether, in an action arising under federal law where there is no federal statute of limi-

tations, a federal court borrows the state's time period for service of process as well as for filing suit.

S.J., a juvenile, appeals the district court's dismissal of his claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., against the Issaquah School District and its Superintendent and Director of Special Education (collectively, "Issaquah"). The IDEA had no statute of limitations at the time, so the district court applied Washington's Administrative Procedure Act ("WAPA"), RCW 34.05.542(2), which provides that a petition for review must be filed and served within thirty days of service of the final order by a state administrative agency. As S.J. conceded that he had not attempted to serve Issaquah until after the thirty-day period, the district court concluded that it lacked jurisdiction.

We have previously held that Rule 3 of the Federal Rules of Civil Procedure controls when an action which arises under federal law is "commenced" for purposes of tolling the statute of limitations borrowed from state law. *Sain v. City of Bend*, 309 F.3d 1134, 1136 (9th Cir. 2002). It follows that federal procedural rules thereafter govern the action, at least when there is a federal rule to apply. Here there is, because Rule 4(m) of the Federal Rules of Civil Procedure provides a time limit for service of process (120 days). Accordingly, we hold that a federal court borrowing a state's time period for filing suit brought under federal law should not also borrow the state's time limits for serving the complaint. As S.J.'s IDEA action was timely commenced for purposes of tolling the borrowed statute of limitations when it was filed within 30 days, we reverse.

I

S.J. is a juvenile who attended schools in the Issaquah School District through the sixth grade. In 2002, unable to work out an Independent Education Plan with the district,

S.J.'s parents enrolled him at a private school for special education students. The parents then filed a request for a state due process hearing before the Office of Administrative Hearings for the Superintendent of Public Instruction alleging various claims under the IDEA. A hearing was held and the administrative law judge mailed an order constituting the final agency determination of S.J.'s claims on August 12, 2004. It granted some, but not all, of the relief sought, and advised S.J. of the right to appeal and of the filing and service requirements in RCW 34.05.542(2). The thirtieth day after service of the order was Saturday, September 11, 2004. S.J. filed a complaint in the district court on Monday, September 13, 2004, which was timely under Federal Rules of Civil Procedure 3 and 6(a). S.J. attempted to serve all defendants on Tuesday, September 14, 2004, by delivering copies of the summons and complaint to the Superintendent's administrative assistant.

Issaquah moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5) on the grounds that the statute of limitations had run because S.J. had failed to perfect service within the thirty-day period required by state law and that service of the summons and complaint was insufficient under Rule 4. The district court agreed that S.J.'s failure to meet the service requirement of the borrowed statute of limitations deprived it of jurisdiction,[1] and did not reach the issue of sufficiency of service.

S.J. has timely appealed.

---

[1]The district court so held because Washington courts treat the failure to comply with RCW 34.05.542(2) as depriving them of appellate jurisdiction over agency decisions. *See Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 958 P.2d 962, 968-69 (Wash. 1998). Under federal law, however, failure to meet a state's borrowed statute of limitations is not jurisdictional in IDEA actions. *See JSK ex rel. JK & PGK v. Hendry County Sch. Bd.*, 941 F.2d 1563, 1570 (11th Cir. 1991). We therefore treat the dismissal as one under Rule 12(b)(6). *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995).

## II

**[1]** Congress had not provided a federal statute of limitations governing IDEA claims at the time this action commenced.[2] For this reason, courts considering such claims must borrow the most closely analogous state statute of limitations so long as it does not undermine the policies of the IDEA. *See Livingston Sch. Dist. Nos. 4 & 1 v. Keenan*, 82 F.3d 912, 915 (9th Cir. 1996). In *Keenan*, we selected the statute of limitations provided by the state's Administrative Procedure Act because "a civil action under the IDEA challenging an administrative hearing officer's decision after a due process hearing is more analogous to judicial review of an administrative appeal than to an action upon a liability created by statute." *Id.* at 916. Applying *Keenan*, the district court in this case borrowed the thirty-day statute of limitations for judicial review of agency orders in the WAPA. No one disputes that choice. This provision states: "A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." RCW 34.05.542(2).

S.J. argues that the federal rules control service once he commenced the action by filing his complaint within the thirty-day period provided by RCW 34.05.542(2), thereby

---

[2]In 2004, Congress amended the IDEA to provide a limitations period of 90 days, unless a state adopts a limitations period explicitly applicable to IDEA claims, in which case that period applies. *See* Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, sec. 101, § 615(i)(2)(B), 118 Stat. 2647, 2724 (codified at 20 U.S.C. § 1415(i)(2)(B) (Supp. IV 2004)). The amendment became effective July 1, 2005. *See id.* sec. 302(a)(1), 118 Stat. at 2803. S.J. has not argued that this amendment applies retroactively to him. Nor does S.J. argue that his cause of action was "made possible by a post-1990 enactment," so that it would come within the four-year limitations period provided by 28 U.S.C. § 1658. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Thus, we have no occasion to consider the applicability of these statutes.

tolling the statute of limitations. Issaquah counters that under RCW 34.05.542(2), an action is timely only if both filing and service are accomplished within thirty days because the statute combines the time period for filing and service. We have not addressed this scenario before, but *Sain* resolved the core question that controls the outcome.

**[2]** As we explained in *Sain*, 309 F.3d at 1137-38, the Supreme Court held in *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980), and *West v. Conrail*, 481 U.S. 35 (1987), that when an action is commenced for purposes of the statute of limitations differs depending upon whether the action is based on state or federal law. *Walker* indicated that in a diversity case, even though Rule 3 governs the date from which timing requirements of the Federal Rules of Civil Procedure are measured, federal courts borrow state service rules that are integral to the statute of limitations in order to determine when the action is commenced for purposes of tolling the statute of limitations. However, *West* indicated that when the underlying cause of action is based on federal law and it is necessary to borrow a limitations period from another federal statute, the action is not barred if it has been commenced in compliance with Rule 3 within the borrowed limitations period regardless of the borrowed statute's service requirements. We took the next step in *Sain*, holding that the rule from *West*, where the borrowed statute was federal, also applies when the statute of limitations is borrowed from *state* law.

The issue in *Sain* was whether Oregon law for computing the number of elapsed days for purposes of satisfying a borrowed state statute of limitations should apply in actions under 42 U.S.C. § 1983, or whether Rule 6(a) should govern. This depended on whether Rule 3 or Oregon law controlled when the action was deemed to have commenced; if Rule 3 controlled commencement, then Rule 6(a) necessarily governed computation of time, but if Oregon law controlled commencement, then Oregon law would also govern computation of time. Noting that under *Wilson v. Garcia*, 471 U.S. 261,

268-69 (1985), only the length of the limitations period and "closely related questions of tolling" are governed by state law for § 1983 actions, we concluded that the class of "closely related questions of tolling" does not include rules for determining when a cause of action commences. 309 F.3d at 1138. Accordingly, we held that Rule 3 provides the tolling rule for a borrowed state statute of limitations when an action is brought under federal law. In these circumstances, the action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed and, as a corollary, the computation of time for purposes of Rule 3 tolling is governed by Rule 6(a). *Id.*

Issaquah submits that *Sain* is distinguishable for three reasons, none of which is persuasive. First, it argues that an IDEA action following a state agency due process hearing is in the nature of an "appeal," and so does not fall within Rule 3 which only applies to "civil actions." While we have recognized that an IDEA action resembles an administrative appeal for purposes of selecting the most analogous state statute of limitations, *Keenan*, 82 F.3d at 916, and articulating the standard of review, *Capistrano Unified Sch. Dist. v. Wartenberg ex rel. Wartenberg*, 59 F.3d 884, 890-92 (9th Cir. 1995), we have never suggested that such actions are not "civil actions" governed by the Federal Rules of Civil Procedure. We so described IDEA actions in *Keenan*, 82 F.3d at 916, and the IDEA itself provides that "[a]ny party aggrieved by the findings and decision [of the state agency] . . . shall have the right to bring a *civil action* . . . in a district court of the United States." 20 U.S.C. § 1415(i)(2)(A) (emphasis added). Rule 3, which states that "[a] civil action is commenced by filing a complaint with the court," applies to all suits *of a civil nature* other than those covered by Rule 81. *See* Fed. R. Civ. P. 1, 2. There is no basis for concluding that IDEA actions are not "of a civil nature" simply because they have an appellate flavor in some respects. *Accord Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380 (4th Cir. 2000) (holding that an action brought under the IDEA following an agency hearing

is an original civil action governed by the Federal Rules, regardless of whether it has certain appellate characteristics).

Second, Issaquah contends that *Sain* is limited to § 1983 actions. Yet it offers no rationale for limiting *Sain* in this way. Courts borrow state statutes of limitations in § 1983 actions pursuant to 42 U.S.C. § 1988. In *Wilson*, the Court explained that § 1988 merely "endorsed" the federal courts' "settled practice" of borrowing state statutes of limitations for all kinds of federal actions without their own. 471 U.S. at 266-67 & n.12. The logic of *Sain* extends to all federal causes of action for which state statutes of limitations must be borrowed.

Third, Issaquah posits that the Washington statute represents a substantive decision on the state's part that service is integral to the repose fostered by the statute of limitations. It points out that *Sain* did not concern a statute of limitations containing a service requirement, and maintains that the service requirement in RCW 34.05.542(2) is precisely the type of "interrelated" tolling rule that federal courts must not "unravel" from the statute of limitations. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989) (citing *Wilson*, and noting that in virtually all statutes of limitations the length of the limitations period is interrelated with provisions regarding tolling, revival, and application); *cf. Walker*, 446 U.S. at 751-52 (concluding that the state's service requirement in that case was "an integral part" of the state's statute of limitations for purposes of tolling the statute in a diversity action). However, *Sain* did not just hold that state rules governing the computation of time are not "closely related" tolling rules and should not be borrowed. In order to decide the time computation issue, we first decided that rules governing the *commencement of an action* are not "closely related" tolling rules and should not be borrowed. This is clear from our citation to four other circuit opinions addressing "the specific issue before us," 309 F.3d at 1138, none of which involved the computation of time but all of which involved determining the com-

mencement of an action for purposes of tolling the borrowed state statute of limitations. *See McIntosh v. Antonino*, 71 F.3d 29, 36-37 (1st Cir. 1995) (whether a suit commences when the complaint is mailed); *Moore v. Indiana*, 999 F.2d 1125, 1129-30 (7th Cir. 1993) (whether a plaintiff may amend his complaint to add new defendants after the statute of limitations has run); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991) (per curiam) (whether a prisoner commences the suit by giving his petition to prison officials); *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987) (per curiam) (whether receipt by the court clerk is enough to commence the suit or whether formal filing is required).

**[3]** In sum, *Sain* held that Rule 3 governs the commencement of federal causes of action using borrowed state statutes of limitations. This means there is no gap to fill and no basis for resorting to state law to determine when the action is commenced. As S.J.'s action was commenced under Rule 3 within the thirty-day period of limitations when he filed his complaint in federal district court, the corollary is that Rule 4 controls service of process. So holding aligns us with the Seventh Circuit's reasoning in *Gray v. Lacke*, 885 F.2d 399, 409-10 (7th Cir. 1989). Like Issaquah here, the defendants in *Gray* claimed that the action was barred by state law providing that both filing and timely service are required to commence an action. The court rejected the notion that federal courts borrowing a state limitations period for a federal cause of action should also borrow the state's rule that timely service is necessary to toll the statute of limitations. As it explained, "there is no deficiency of federal law on questions concerning the relation among filing, service, and the period of limitations," because Rule 3 covers commencement of civil actions and Rule 4 covers service of process. *Id.* at 410 (quoting *Lewellen v. Morley*, 875 F.2d 118, 121 (7th Cir. 1989)).

**[4]** Therefore, we hold that a federal court borrowing a state's time period for filing suit brought under federal law should not also borrow the state's time limits for serving the

complaint. S.J. timely commenced his IDEA action by filing his complaint on September 13, 2004. As the district court borrowed the state's time limit for service as well, we reverse.

## III

**[5]** Although it disagrees that the federal rules rather than the Washington statute applies to timely service, Issaquah asks us to affirm dismissal on the alternative ground that service of process was insufficient under Rule 4. We decline to do so. For one thing, even if service were insufficient — on which we express no opinion — we could not simply affirm dismissal because the district court has discretion to dismiss an action or to quash service. *See Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) (order) ("The choice between dismissal and quashing service of process is in the district court's discretion."). This discretion has yet to be exercised. Issaquah suggests that proper service would now be untimely, so that quashing would amount to dismissal. However, Rule 4(m) contemplates the possibility of an extension of time which, again, we believe is best left to the district court's discretion. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003). In any event, sufficiency of service can be a fact-driven inquiry. As the district court did not reach the adequacy of S.J.'s attempted service on the school district, the Superintendent and the Director of Special Education, we prefer to leave the entire issue for remand.

## IV

Insofar as S.J. is requesting attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B), that request is premature. *See Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994); *Jensen v. City of San Jose*, 806 F.2d 899, 900-01 (9th Cir. 1986) (en banc).

REVERSED AND REMANDED.